50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Theron D. MITCHELL, Defendant-Appellant.
 No. 94-30080.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 14, 1995.
 
 Before: HALL, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Theron D. Mitchell pled guilty to one count of securities fraud in violation of 15 U.S.C. Secs. 77q and 77e (Count I) and one count of interstate transportation of stolen funds in violation of 18 U.S.C. Sec. 2314 (Count XI). The district court sentenced Mitchell to 24 months in jail, imposed a three-year term of supervised release, and ordered him to pay $3.3 million in restitution. He now appeals. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291 and 1294 and affirm.
 
 I.
 
 3
 Mitchell first complains that the district court erred by increasing his base offense level by 13 levels for defrauding his victims of more than $2.5 million. See U.S.S.G. Sec. 2F.1.1(b)(1)(N). We review de novo the district court's interpretation of the Sentencing Guidelines, but the district court's factual findings must stand unless clearly erroneous. United States v. Lindholm, 24 F.3d 1078, 1085 (9th Cir.1994). We conclude that the district court properly calculated Mitchell's base offense level under U.S.S.G. Sec. 2F1.1.
 
 
 4
 According to the Sentencing Guidelines, the loss for purposes of Sec. 2F1.1 is "value of the money, property, or services unlawfully taken." U.S.S.G. Sec. 2F1.1, Application Note 7. The district court found that the loss in this case amounted to $3.3 million. This finding is not clearly erroneous. Mitchell induced his victims to invest $3.3 million in his bogus scheme. He admits that his victims lost every penny of their investment. Appellant's Opening Brief at 7. The district court did not err in fixing the actual loss at $3.3 million.
 
 
 5
 We decline Mitchell's invitation to sentence him on the basis of intended loss rather than actual loss. Even if it were true that Mitchell did not intend to defraud his victims of their entire $3.3 million investment, Mitchell's argument misses the point. Under the Guidelines, the district court may sentence a defendant on the basis of actual loss or intended loss, whichever is greater. U.S.S.G. Sec. 2F1.1, Application Note 7; see Lindholm, 24 F.3d at 1085. Here, the actual loss was greater than the loss Mitchell claims he intended. It follows that the district court did not err in sentencing Mitchell on the basis of actual loss.[1] We so hold.
 
 II.
 
 6
 Mitchell next argues that the district court should have departed downward because the victims' loss as determined by Sec. 2F1.1(b)(1) overstated the seriousness of his crime. See U.S.S.G. Sec. 2F1.1, Application Note 10; United States v. Shattuck, 961 F.2d 1012, 1017 (1st Cir.1992). We lack appellate jurisdiction, however, to review a district court's discretionary decision not to depart. United States v. Staufer, 38 F.3d 1103, 1108 (9th Cir.1994).
 
 III.
 
 7
 Mitchell finally complains that the district court mishandled his motion to withdraw his guilty plea. The rules permit a defendant to withdraw a guilty plea prior to sentencing upon a showing of a just and fair reason. Fed.R.Crim.P. 32(d). Although district courts generally freely allow defendants to withdraw their pleas, it is well established that a defendant has no right to withdraw a guilty plea. United States v. Signori, 844 F.2d 635, 637 (9th Cir.1988). A withdrawal motion is committed to the sound discretion of the trial court. United States v. Ramos, 923 F.2d 1346, 1358 (9th Cir.1991).
 
 
 8
 In this case, Mitchell does not claim that the district court erred by refusing to allow him to withdraw his guilty plea. Instead, Mitchell argues that the district court improperly advised him in open court of the consequences of a plea withdrawal. Mitchell claims that this exchange was calculated to coerce him into dropping his withdrawal motion. We disagree. The district court's explanation was designed to ensure that Mitchell made an intelligent and voluntary decision, which it appears that he did. There was no error.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Seventh Circuit's decision in United States v. Schneider, 930 F.2d 555, 558 (7th Cir.1991), is not to the contrary. Unlike the defendant in that case, Mitchell did not confer any benefit on his victims
 
 
 [2]
 Mitchell argues for the first time in his reply brief that the proceedings in district court violated the Americans With Disabilities Act, 29 U.S.C. Sec. 700 et seq. He claims that the district court failed to account properly for his claimed hearing disability. Mitchell waived this claim by waiting until his reply brief to raise it. See In re Estate of Ferdinand E. Marcos Litig., 978 F.2d 493, 495 n. 2 (9th Cir.1992), cert. denied, 113 S.Ct. 2960 (1993). We therefore do not address it